## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY WILSON, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-125-SMY ) |
| ARTHUR STANLEY, | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

On April 28, 2016, this case was remanded to state court in St. Clair County, Illinois (Doc. 13). Defendant filed a several Notices of Appeal, the earliest of which was filed on August 12, 2016 (Docs. 23, 31, 35, 40). Now pending before the Court are Defendant's Motion to Consolidate Appeals (Doc. 25) and Motions for Leave to Appeal *in forma pauperis* (Docs. 26,41).

Because Plaintiff has filed a notice of appeal, this Court is divested of jurisdiction to consider any motions except for a motion for leave to appeal *in forma pauperis*. See *Boyko v. Anderson*, 185 F.3d 672, 674 (7th Cir. 1999) ("The filing of the appeal had deprived the district court of jurisdiction over the case.") Therefore, Plaintiff's Motion to Consolidate Appeals (Doc. 25) will be denied.

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith and not frivolous is whether any of the legal points are reasonably arguable on their merits.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court is well familiar with the defendant as a litigant and does not question his indigency. However, the appeal is frivolous. This case was improperly removed from state court and was remanded based on this Court's lack of subject matter jurisdiction. An order remanding a case to state court based on a lack of subject-matter jurisdiction or defect in the removal procedure is not reviewable on appeal. See *Powerex Corp. v. Reliant Entergy Services, Inc.*, 551 U.S. 224 (2007).

Given Defendant's history of filing frivolous cases and pleadings, further discussion is warranted. Defendant is **ADVISED** that under *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bands. In *Alexander*, the Court warned that if the petitioner filed any further frivolous habeas petitions, he would be fined $500; the fine would have to be paid before any other civil litigation would be allowed to be filed, and any habeas action would be summarily dismissed thirty days after filing unless otherwise ordered by the Court. Stanley should keep *Alexander* and *Mack* in mind before filing any additional civil actions or pleadings in this Court.

For the foregoing reasons, Defendant's Motion for Leave to Appeal *in forma pauperis* (Doc. 26) is **DENIED** and the subsequent Motion for Leave to Appeal *in forma pauperis* (Doc. 41) is **MOOT**. Likewise, Plaintiff's Motion to Consolidate Appeals (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 20, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

2